IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ERIC C. PENDLETON,                                          )
    Plaintiff,                                             )
                                    )
VS.                                                         )          CASE NO. _____
                                     )
RANDY KENNEDY, RETIRED DAVIDSON                            )
COUNTY PROBATE JUDGE in his official                       )
and individual capacities;                                 )
ELIZABETH A. JOHNSON, DAVIDSON                             )          DEMAND FOR A TRIAL BY JURY
COUNTY PROBATE MASTER, in her official )
and individual capacities;                                 )          IS REQUESTED PURSUANT TO
ANDRA HEDRICK, DAVIDSON COUNTY                             )          RULE 38 F.R.C.P.
PROBATE JUDGE in her official and                          )
individual capacities;                                     )          DECLARATORY AND INJUNCTIVE
CORLETRA MANCE, ATTORNEY AT LAW                            )          RELIEF IS REQUESTED
in her official and individual capacities;                )
METROPOLITAN GOVERNMENT OF                                 )
NASHVILLE AND DAVIDSON COUNTY;                             )
MARQUICA BEASLEY, CEO MANAGING                             )
BROKER, B-ELITE REAL ESTATE, in her                       )
official and individual capacities;                        )
TARA SHUEMAKE, COTA/L DIRECTOR                            )
OF REHABILITATION, in her official and                    )
individual capacities;                                     )
ALEXANDER JONE, DIRECTOR OF                                )
CONCIERGE SERVICE, in his official and                    )
individual capabilities;                                   )
    Defendants.                                            )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### UNDER 42 U.S.C. § § § 1983, 1985, 1988
### AND 38 U.S.C. § § 511(a), 5301

### JURY DEMAND

### NATURE OF THE ACTION

This is a *pro SE* civil rights complaint instituted under the Civil Rights Acts of 1871, 42 U.S.C.

§ 1983 to redress the deprivation under color of state of law, custom, regulation, practice, policy or

usage, of rights, privileges and immunities secured under the First, Fourth, Sixth, Eighth, Ninth and

Fourteenth Amendment of the United States Constitution and the due process clause of the United States Constitution, nor shall any state deprive an indigent or any person of life, liberty, or property, without due process and equal protection clauses of law of the United States Constitution.

## INTERESTED PARTIES

Plaintiff's Eric C. Pendleton, reside at 4183-Bobwhite Drive, Nashville, Tennessee, 37218.

## DEFENDANTS:

Name: Randy Kennedy, Retired Davidson County Probate Judge
      1-Public Square, Suite 302
      37201ashville, TN 37243
      He is being sued in his official and individual capacities.

Name: Elizabeth A. Johnson, Davidson County Probate Master Judge
      1-Public Square, Suite 302
      Nashville, TN 37201
      She is being sued in his official and individual capacities.

Name: Andra Hedrick, Davidson County Probate Judge
      1-Public Square, Suite 302
      Nashville, TN 37201
      She is being sued in his official and individual capacities

Name: Corletra Mance, Attorney's at Law
      1300-Division Street
      Nashville, TN 37203
      She is being sued in his official and individual capacities

Name: Metropolitan Government of Nashville and Davidson County
      Department of Law
      Metropolitan Courthouse
      Suite 108
      P.O. Box 196300
      Nashville, TN 37219-6300

Name: Marquica Beasley, CEO of B-Elite Real Estate Services
      4212-W Hamilton Road
      Nashville, TN 37218
      She is being sued in his official and individual capacities

Name: Tara Shuemake, COTA/L Director of Rehabilitation
      Trevecca Center for Rehabilitation and Healing
      329-Murfreesboro Pike
      Nashville, TN 37210

Name: Alexander Jones, Director of Concierge Service
       Trevecca Center for Rehabilitation and Healing
       329-Murfreesboro Pike
       Nashville, TN 37210

Name: John Does; Jane Does, et al.
       He or She is being sued in his official and individual capacities.

## PLAINTIFF INVOKES THE COURT'S SUBJECT MATTER JURISDICTION OVER HIS STATE LAW CLAIMS PURSUANT 28 U.S.C. § 1331, 1332, 1343 & 1367(a)

1.     The Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, 1332, 1343 and 1367(a).

2.     This is a suit in equity and is authorized under 42 U.S.C. § 1983, to redress the continuing deprivation under color of state law of right, privileges, and immunities as so secured to the Petitioner by the United States Constitution.

3.     Plaintiff's request for Declaratory Judgment, is authorized pursuant to 28 U.S.C. § § 2201 and 2202. Injunctive Relief is authorized pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.

4.     This Court has jurisdiction over the Plaintiff's state law claims through the doctrine of pendent jurisdiction.

5.     Venue is proper in the Middle District of Tennessee, under 28 U.S.C. 1391(b), since all the acts and transactions complained of herein after, all occurred within this Judicial District.

6.     Plaintiff seeks declaratory and injunctive relief, as well as compensatory monetary, and punitive damages to compensate him for any and all injuries resulting from the acts and omissions of the Defendants

7.     Plaintiff seeks declaration, that the Defendants acts and omissions violated the Plaintiff's right under both Tennessee State Law, and the United States Constitution of America.

8. Plaintiff's seeks declaration, that the Defendants commit fraud upon the court by the preponderance of the evidence.

## FACTUAL BACKGROUND
### A. Plaintiff's background

9. This is a civil rights action complaint, brought by a Davidson County, Nashville Tennessee resident who is sixty-three (63yrs.) years old Black American Citizen, against the Defendants for depriving the Plaintiff's of his right so secured by the constitutional laws of the United States and the State of Tennessee. This complaint is built on when the Plaintiff's filed a Petition for Conservatorship and Declaratory and Injunctive Relief in Probate Court for Seventh Circuit of Davidson County, Nashville, Tennessee dated on February 7, 2020.

10. Plaintiff's would like to put this Honorable Court on notices that Plaintiff's was fully taking care of his elderly Mother's Mrs. Pendleton for the past five (5) years. Plaintiff's alleges that all of sudden Mrs. Pendleton's was taken out of her home, remember Mrs. Pendleton's was under Plaintiff's care before she was taking from Mr. Pendleton full care with her request.

11. Plaintiff's submits that in the Month of January 2019, Plaintiff's was informed by his elderly Mother Mrs. Cora L. Pendleton who is deceased and Janice Brown who is Plaintiff's sister. Plaintiff's Mother stated that she was going out to Defendant's Marquica Beasley, home for only six (6) month and was coming back to her house. Plaintiff's claims that his Mother Mrs. Pendleton was sane and in good health at the time of this agreement.

12. Plaintiff's alleges that a week had went by, when Plaintiff's daughter call and stated daddy it is a sale sign in Granny yard with Defendant's Marquica Beasley as the Realtor. Plaintiff's claims that he email Defendant's Marquica Beasley in regard to the warfare of Plaintiff's Mother. Plaintiff's asserts in the Defendant's Marquica Beasley response was noting but slandering Plaintiff's person's, reputation she was so disrespectful, negative and making false spoken statement and damaging to Plaintiff's person's reputation. Plaintiff's also was trying to testify to Defendant's Judge

Kennedy that he had property on his Mother estate and that the Defendant's had stole, sold and destroyed five boxes of legal documents, business material, wet vac vacuum; bicycle and stole and destroyed beneficiaries Policy. However, unjust Defendant's Judge Randy Kennedy wouldn't consider anything Plaintiff's had to present at the Probate hearing on February 7, 2020.

13.     Plaintiff's alleges that the hearing was initially set to be heard on March 18, 2020 Docket No. #20P303 but due to COVID matter was reset for June 10, 2020. (See the Guardian Ad Litem Report of Defendant's Corletra Mance who was ineffective).

14.     Plaintiff's asserts that on June 10, 2020 set time for the hearing was suppose to be at 10:00a.m., Friday. Plaintiff's states that the hearing didn't start until 3:00p.m.. Plaintiff's bear witnesses that the Defendant's Judge Randy Kennedy allowed the so call Power of Attorney Defendant's Marquica Beasley give her testimony at her resident on the telephone and without swearing Defendant's in. In fact, Defendant's Judge Kennedy asked Defendant's Beasley where was Mrs. Pendleton's, nevertheless in Mrs. Beasley respond she stated that Mrs. Pendleton's was sleep. Mostly importantly, Plaintiff's made an objections and stated that the hearing should be discontinued due to Mrs. Pendleton's being asleep. Furthermore, the Defendant's Kennedy denied Plaintiff's objections. In additionally, Plaintiff's prayed to the court to grant the petition declaratory and injunctive relief in respect on that Defendant's Marquica Beasley who is trying to sale Mrs. Pendleton's home and property. As a matter of facts, the Defendant's Judge Kennedy stated that Defendant's Marquica Beasley can sale the house to whoever she wanted to. Mostly importantly, the Defendant's didn't have the right to sale Plaintiff's Mother home. In facts, the day of the hearing Defendant's Marquica Beasley call the Court and the Court didn't wasn't swear the Defendant's in. Furthermore, upon her testimony over the phone she slander Plaintiff's character, she sworn to the Court that Plaintiff's was trying to kill his Mother's, stealing money from his Mother's and she alleges that Plaintiff's has spend a lot of time in Prison, never had a job. Remember, Plaintiff's was the Petitioner's that filed the Complaint along with an sworn uniform civil affidavit of indigence form with valuable information about Plaintiff's is telling

the truth. Thereafter, when Defendant's Marquica Beasley made those remarks the Court officers, clerks and a few others members of the public was present when Defendant's Beasley gave that testimony over the phone. As a matter of fact, the whole atmosphere change in the Courtroom. Furthermore, the Defendant's Judge Kennedy explained to the Defendant's, if Plaintiff's have did all of the allegation that you claims! What I advised you to do is file criminal charges or civil charges against Plaintiff's. Mostly importantly, if the Defendant's Randy Kennedy would have gave Plaintiff's a due process hearing he would have seen that the Defendant's Beasley wasn't truthful in her testimony. Not to mention, Defendant's Corletra Mance, Attorney's guardian ad litem that was appointed as Plaintiff's Mother Attorney's new that the Defendant's Beasley was lying. Also, Defendant's Mance was part of the conspiracy to commit fraud upon the court.

15.     Plaintiff's swears that this statement made by Defendant's Beasley, Plaintiff's couldn't belief the lie that she made. Nevertheless, this cause Plaintiff's psychological, emotionally and mental shock, Plaintiff's also couldn't believe what was say by Defendant's Judge Kennedy his Courtroom this was psychological, emotionally and mental shock as well. Plaintiff's alleges that he have never received any justice in you all Court system. Plaintiff's submits that his Father serve country in World War II as Fighting Seabees they were considered Special Forces and was a combat troops and Plaintiff's Brother served this country in the Vietnam War as combat troops. Plaintiff's claims that the Defendant's Judge Kennedy stated in open Court, that  Plaintiff's can't have any part of custody of his Mother's, because Plaintiff's is Black and a convicted felony. After that, the Defendant's Judge Kennedy stated to the Plaintiff's that he wasn't going to consider anything that  Plaintiff's have to say in his courtroom.

16.     Plaintiff's claims that in order to successfully establish a prima facie case for procedural due process violation, a Plaintiff's must shows that (1) there has been a deprivation of Plaintiff's liberty or property, and (2) the procedures used by the government to remedy the deprivation were constitutionally inadequate. Plaintiff's stated that history demonstrates that judges have also played a significant role perpetuating stereotypes, particularly in the area of this a prima facie case.

17.     Plaintiff's bear witnesses that the unjust Judge Randy Kennedy allowed the Power of Attorney Marquica Beasley give her testimony on her own house telephone and without swearing her in. In fact, Judge Kennedy asked Mrs. Beasley where was Mrs. Pendleton's, nevertheless in Mrs. Beasley respond she stated that Mrs. Pendleton was sleep. Mostly importantly, Plaintiff's made an objections and stated that the hearing should be discontinued due to Mrs. Pendleton being asleep. Furthermore, the judge denied Plaintiff's objections. Plaintiff's submits that Defendant's Judge Randy Kennedy granted Defendant's Marquica Beasley conservatorship without an due process hearing and without Plaintiff's Mother testimony. Plaintiff's claims that he never received the unaltered copy of the court order. Plaintiff's asserts that the law of conservatorship for the States and union was established because someone is/or was taking advantage of the person or exerting undue influence on him/or her before, and when the court appoint a conservator. Plaintiff's claims that the after speaking with his Mother Mrs. Cora L. Pendleton over the telephone she stated for Plaintiff's to come and get her and that she didn't need a Conservator because she does for herself. Plaintiff's alleges that he received information that the Defendant's Marquica Beasley and her Husband through his deceased Mother Cora L. Pendleton in the nursing home without her consent, in which Plaintiff's Mother Mrs. Pendleton was highly against going in a nursing home. Plaintiff's submits that God is his witnesses Plaintiff's claims that he had put his life entirely on hold over five (5) long years to ethical, morally, responsibility.

18.     Plaintiff's states that a due process hearing should have been allow in this Courtroom where Plaintiff's and the Defendant's could swear under oath and address theses issues.

19.     Plaintiff's submits that on this 16th day of October, 2021, Plaintiff's filed an Motion Seeking Disqualification or Recusal of Defendant's Trial Judge Randy Kennedy of Court of Record pursuant to Tennessee Supreme Court Rule B Section 1.'s

20.     Plaintiff's states that on Friday, November 5, 2021 at 9:00a.m., Plaintiff's asked the later Honorable Judge Philip Smith Davidson County Circuit Court Judge to withdrawal the Motion Seeking Disqualification or Recusal of the Trial Judge of Court of Record pursuant to Tennessee Supreme Court

Rule B Section 1.

21.     Plaintiff's states that on this 21st day of April, 2022 Plaintiff's email Defendant's Mance in regard to Mrs. Pendleton estate, in her respond she request Plaintiff's to call Defendant's Marquica Beasley. Plaintiff's states that he make known to Attorney Mance, if Mrs. Beasley didn't inform Plaintiff's of the death of his Mother, it would be surely moot.

22.     Plaintiff's submits that on this 4th day of May, 2022, Plaintiff's was in the Law Office of Parker and & Crofford visiting with his friend Stephen Crofford, Attorney at Law when Mr. Crofford gave Plaintiff's his Sympathy for the loss of Mr. Plaintiff's Mother in which Mr. Crofford has been well acquaint for over forty (40) years with Mrs. Pendleton's, while in conversation with Mr. Crofford he asked Plaintiff's what's the status of the Petition for Conservatorship that was filed in this case. In addition, Plaintiff's handed Mr. Crofford the Interim/Annual Accounting-conservatorship for June 10, 2000 to December 31, 2020 and not to mention the January 1, 2021 to December 31, 2021. While reviewing the trust accounting information Plaintiff's notices that Defendant's Marquica Beasley had produce to this Court information in those document was, incomplete, inaccurate, false and fraudulently also the Defendant's Conservator's has Mismanagement the estate trust assets; Waste the trust assets, affianced committed theft of the trust assets, Fail to fully account for trust assets; and/ failure to make trust assets productive. After that, Mr. Crofford's call the clerk office and asked the clerk was that case still open, the clerk respond stated yes! It's sill open.

23.     Plaintiff's submits that on the 6th day of May, 2022 he received the detailed interim/annual accounting-conservatorship from Defendant's Marquica Beasley which is inadequate.

24.     1Plaintiff's submits that on the 9th day of May, 2022 Plaintiff's Petition the Court with a Petition Contesting the Legality of the Will if it's a Will and Testament of Cora L. Pendleton's along with a letter to Trevecca Center for Rehabilitation and Healing Center requesting for the investigation filed under the Freedom of Information Act and Public Records Act of the death of Cora L. Pendleton. Plaintiff's claims that the letter to Trevecca has went on a deaf ear. Also, the Court deneid Plaintiff's

request for those records.

25.     Plaintiff's bear witness that on the 23rd day of May, 2022 Plaintiff's filed Amended Petition and Supplemental Pleading Contesting the Legality of the Will if it's a Will and Testament of Cora Pendleton it wasn't a hearing on the matter.

26.     Plaintiff's submits that he received a letter from American General Life Insurance Company in regard to Insured Cora Pendleton's and Policy Number: 10-7249601013.

27.     Plaintiff's alleges that he forward Defendant's Corletra Mance, Attorney at Law a copy of the Petition Contesting the Legality of the Will if it's a will and testament of Cora L. Pendleton and Amended Petition and Supplemental Pleading Contesting the Legality of the Will if it's a Will and Testament of Cora Pendleton. Nevertheless, the Petition came back as return to sender. In addition, upon Plaintiff's research he found three to four other addresses for Ms. Mance's. Furthermore, when Plaintiff's try to search again Plaintiff's internet went down and the internet provided stated that they will not be out to Plaintiff's home until June 9, 2022, Plaintiff's don't have any other way to search. Plaintiff's had prayed to this Court to forward Ms. Mance's a copy of those filed Petitions has went on a deaf ear.

28.     Plaintiff's states that under oath he requested the status of Case No. 20P303. Plaintiff's also asks this Court is this Case still open or close. Plaintiff's would petition this Court to have this information sent to him, showing the file dates of those petitions.

29.     Plaintiff's alleges that on this 30th day of June, 2022 Docket No. 20P303 the Circuit Court of Davidson County filed a Show Cause Order.

30.     Plaintiff's contends that on this 9th day of September, 2022 filed an Amended Petition and Supplemental Pleading Contesting the Legality of the Will if it's a Will and Testament of Cora Pendleton's.

31.     Plaintiff's alleges that on this 16h day of September, 2022, the Seventh Circuit Court Judge Andra Hedrick Order Resetting Review Hearing Plaintiff's Motion to Set Case for Hearing and

Motion to Ascertain with Request on the Status of the Petition for Conservatorship was denied. This matter is referred to the Probate Master for previously scheduled Review Hearing to be held on September 28, 2022 at 9:30am in Courtroom 510, Fifth Floor, Metropolitan Courthouse, 1 Public Square, Nashville TN 37201. Plaintiff's submits that Judge Andra Hedrick insist that Marquica Beasley, Conservator for the decedent is ordered to appear at said hearing.

32.    Plaintiff's states that on this 29[h] day of September, 2022 Order Resetting Review Hearing before the Defendant's Elizabeth A. Johnson, Probate Master for the Seventh Circuit Court of Nashville and Davidson County, Tennessee, 20th Judicial District, upon a review hearing set by the Probate Master to discuss the final accounting filed for the period of January 1, 2022 through June 30, 2022. In addition, the Court heard Plaintiff's Motion to Set and Ascertain Status by an order of reference signed by Defendant's Judge Andra Hedrick on September 9, 2022. Present in court was Plaintiff's. The Conservator, Marquica Beasley, did not make an appearance.

33.    Plaintiff's claims that on this the 4th day of October, 2022 he filed an Petition for Letter of Administration, Petitioner' never received an respond on the Petition has went on a deaf ear.

34.    Plaintiff's submits that on this the 1st day of November, 2022, Plaintiff's filed an Objection to the Petition for Conservatorship Annual Accounting along with an Motion for Appointment of Counsel. Plaintiff's states that the new evidence referred to is to the following effect"Transamerica Life Insurance Policy No. #001530404 should have been payable to Mr. Pendleton as Mrs. Beasley changed the beneficiary designation on the policy while before and under conservatorship without Court approval. Plaintiff's contends that Plaintiff's argument was correct that it was two policy that Plaintiff's Mother left Plaintiff's in the amount of $2,500.00 and not $1,000.00. Plaintiff's submits that this evidence was in the record all the time, but the Court said that they had review the entire record of these procedure. Plaintiff's has shout out at the top of his lung. As a matter of facts, due this Court continue denying Plaintiff's his rights to a due process hearing while letting Ms. Beasley continue to deceive, concealing and misrepresenting truth in this Court. Plaintiff's submits that

Judge Hedrick stated in her opinion "that Plaintiff's argued that the correct amount of the policy was $2,500.00 and not $1,000.00. Plaintiff's did not produce any documentation to substantiate his claim as to the amount of the policy on the other policy because Plaintiff's was denied access to the court. However, the correct amount was in the record in which the Court claims that they had review. Also at the hearing Defendant's Ms. Beasely stated at the hearing that she was the one that changed the beneficiary and then gave to her mother to help on Mrs. Pendleton's funnel expense. Mostly importantly, Mrs. Pendleton's (respondent's) handle all of her on financial business Mrs. Pendleton's was in order. As a matter of facts, Plaintiff's claims that Defendant's Judge Hedrick stated at the hearing that one of her staff had review the Probate Accounting information. In facts, that was false and incorrect. Plaintiff's swears that he was denied due process, procedural due process and equal protection of the law as a result of intentional Probate Fraud and Fraud upon the Court by Officers of the Court. Plaintiff's submits that this Court has committed Fraud on the Court and Fraud upon the Court. Plaintiff's claims he could have with reasonable diligence, have discovered and produced this evidence at original hearing in this proceeding the matters concerning the amount of the Transamerica Life Insurance Policy No. #001530404 and other policy if this Court would have granted Plaintiff's accountant and financial expert witness as requested to compile all the estate information.

35. Plaintiff's claims that on this the 10th day of November, 2022 an Order Requesting Supplement Documentation and to Continue Exception Hearing was before the Defendant's Elizabeth A. Johnson, Probate Master for the Seventh Circuit Court of Nashville and Davidson County, Tennessee, 20th Judicial District, upon an exception hearing set by the Probate Master to discuss the final accounting filed on July 15, 2022 for the period of January 1, 2022 through June 30, 2022 and an order of referral entered on September 19, 2022 to address Mr. Pendleton's Motion to Ascertain Status. Present in court was the Defendant's conservator, Marquica Beasley, and excepting party, Eric Pendleton.

36. Plaintiff's submits that on this the 9th day of December, 2022, Plaintiff's filed an

Complaint Against Defendant's Judge Randy Kennedy Under the Code of Judicial Conduct.

37. Plaintiff's avers that on this the 16th day of December, 2022 the State of Tennessee Board of Judicial Conduct dismissed the complaint stating that please be advised that because Randy Kennedy is no longer a judge, the Board of Judicial Conduct lacks jurisdiction to address the issues raised in the referenced complaint.

38. Plaintiff's submits that on April 18, 2023 he received an order from Probate Judge Andra Hedrick, Seventh Circuit order confirming probate master recommendations, adjudicating all other pending matters, and approving final distributions to close conservatiorship.

39. Plaintiff's alleges that on May 26, 2023 Plaintiff's called the Probate Clerk Offices and asked the Probate Clerk what are the Status of Case No. 20P303. In addition, the Court clerk stated that Defendant's Probate Judge Andra Hedrick had made a ruling on the Plaintiff's Petition on April 17, 2023 and then the Court Clerk e-mail Mr. Pendleton's a copy of the order on May 26, 2023.

40. Plaintiff's claims that after receiving the Order from the Court Clerk and after reading the Order Plaintiff's notice that Defendant's Probate Judge Andra Hedrick had denied all of Plaintiff's claims accepts for the Transamerica Life Insurance Policy which was in accurately and incorrect.

41. Plaintiff's asserts that in the body of the order Defendant's Judge Hedrick stated that when the order are received Defendant's Beasley are to e-mail Mr. Pendleton's xjibril52@gmail.com and then set reasonable notice of a date and time to come and meet at the Regions Bank on Clarksville Pike for Mr. Pendleton's to pick up his check.

42. Plaintiff's asked the Court was Defendant's Judge Hedrick order mail out? Mostly importantly, on May 25, 2023 Plaintiff's drove to the United States Posted Service in Metro Center and Plaintiff's asked one of the customer service did this office receive a mail piece from the Davidson County Probate Clerk Offices of Nashville Tennessee in there respond they stated only how they could find out, if it had tracking number on the mail piece. Nevertheless, it didn't have a tracking number.

43. Plaintiff's submits that on July 6, 2023 Plaintiff's filed a notice of appeal, description and

description of technical record for appeal, uniform civil affidavit of indigence and transcript of proceedings.

44. Plaintiff's claims that he received an mail-piece from Joseph P. Day dated September 6, 2023 stating that plaintiff's has not compliance T.R.A.P. § Rule 24 (b), (c), or (d).

45. Plaintiff's submits that on September 12, 2023 he received an notice from the Court of Appeal.

46. Plaintiff's asserts that on October 6, 2023 he received another notice from the Court of appeal.

47. Plaintiff's maintains that he forward the Clerk another copy of the notice of appeal , description and description of technical record for appeal, and transcript of proceedings.

48. Plaintiff's alleges that on October 10, 2033 Plaintiff's received an Order which was filed with the Tennessee Court of Appeals, had dismissed the appeal for failure to comply with Appellate Rule 24.

49. Plaintiff's asserts that on November 8, 2023 he received an call from the attorney that was reviewing Plaintiff's court procedure. However, after his review he claims that he couldn't represented Plaintiff's due to lack of financial funds. Also, he submits that he didn't know what legal argument to frame or objections to in respect on Plaintiff's rights. Furthermore, Mr. Roberts informed Plaintiff's to find another attorneys.

50. Plaintiff's submits that on November 28, 2023 he filed with the Court of Appeal an motion for leave to filed delayed appeal along with an affidavit. Plaintiff's claims that the statement of the evidence was miss due to an plain error. Plaintiff's alleges that he is *acting pro se* and misunderstood Tenn.R.App.P. 24 (b)(c), and (d).

Mostly importantly, the error was materially prejudiced a substantial right of the Plaintiff's. Plaintiff's alleges that subsequently, if the proof establishes that the Plaintiff's, through fault of his own, was denied the opportunity of second tier appellate review, the court shall, pursuant to case law grant

him the opportunity to seek review by this Honorable Court on delayed basis.

51.    Plaintiff's claims that on October 10, 2023 the Court of Appeals of Tennessee at Nashville served an order on September 12, 2023, to Plaintiff's in which the clerk entered an administrative order requiring the appellant to file with the trial court clerk a transcript of the evidence statement of the evidence, or a Tenn.R.App.P. 24(d) notice, or else to show cause why the appeal should not be dismissed for failure to comply with Tenn.R.App.P. 24. The order provided that, if the appellant failed to comply within fifteen days, the appeal could be dismissed without further notice. On September 26, 2023, the appellant filed copies of two documents which appear to have been filed in the trial court in July. Neither document constitutes a transcript or statement of evidence and neither demonstrates good cause for the appellant's failure to comply with Tenn.R.App.P. 24.

52.    Plaintiff's alleges that on October 6, 2023, he received an mailpiece from the Court of Appeal saying that they received notice from the trial court clerk that the appellant had still not complied with Tenn.R.App.P. 24.

53.    Plaintiff's claims that he became ill and reached out to Attorney Jim Robert on September 5, 2023 praying for effective legal assistance. Furthermore, Mr. Robert requested Plaintiff's to e-mail him Plaintiff's legal document, upon Mr. Robert request Plaintiff's forward the documents by email to Mr. Robert on September 5, , 2023.

54.    Plaintiff's alleges that on November 8, 2023 he received an telephone call from Mr. Roberts with bad news that he aren't going to be able represented Plaintiff's.

55.    Plaintiff's submits that on November 28, 2023 *acting pro se* Plaintiff's filed an motion for leave to filed delayed appeal.

56.    Plaintiff's claims that on December 5, 2023 he received the Court of Appeal order denying Plaintiff's Motion for leave to File Delayed Appeal .

57.    Plaintiff's submits that on December 14, 2023 Court of Appeal issued an Mandate. Plaintiff's avers that on December 15, 2023 the Trial Court sent Plaintiff's two Final Order.

58.     Plaintiff's claims that each Defendants has commit fraud upon the court by the preponderance of the evidence.

59.     Plaintiff's alleges that he couldn't believe it, that it's clearly biased, prejudice and racism still endure in our court system in the year of 2024.

60.     As a proximate result of Defendants' actions, Plaintiff has been deprived of his due process rights to a pro se litigant's, and has suffered extreme embarrassment, shame, anxiety, and mental distress

## COURT I

### Denied of due process of rights

61.     Plaintiff's confirm that our Constitution of the United States says that all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

62.     Plaintiff's declares that in ***Boddie v. Connecticut***, *Justice Harla*n carried a majority of the Court with him in using a due process analysis to evaluate the constitutionality of a state's filing fees in divorce actions that a group of welfare assistance recipients attacked as preventing them from obtaining divorces. The Court found that, when the state monopolized the avenues to a pacific settlement of a dispute over a fundamental matter such as marriage—only the state could terminate the marital status—then it denied due process by inflexibly imposing fees that kept some persons from using that avenue. *Justice Harlan's* opinion averred that a facially neutral law or policy that did in fact deprive an individual of a protected right would be held invalid even though as a general proposition its enforcement served a legitimate governmental interest. The opinion concluded with a cautioning observation that the case was not to be taken as establishing a general right to access to the courts.

The **Boddie** opinion left unsettled whether a litigant's interest in judicial access to effect a pacific settlement of some dispute was an interest entitled to some measure of constitutional protection as a value of independent worth or whether a litigant must be seeking to resolve a matter involving a fundamental interest in the only forum in which any resolution was possible. Subsequent decisions established that the latter answer was the choice of the Court. In **United States v. Kras**, the Court held that the imposition of filing fees that blocked the access of an indigent to a discharge of his debts in bankruptcy denied the indigent neither due process nor equal protection. The marital relationship in **Boddie** was a fundamental interest, the Court said, and upon its dissolution depended association interests of great importance; however, an interest in the elimination of the burden of debt and in obtaining a new start in life, while important, did not rise to the same constitutional level as marriage. Moreover, a debtor's access to relief in bankruptcy had not been monopolized by the government to the same degree as dissolution of a marriage; one may, "in theory, and often in actuality," manage to resolve the issue of his debts by some other means, such as negotiation. While the alternatives in many cases, such as **Kras**, seem barely likely of successful pursuit, the Court seemed to be suggesting that absolute preclusion was a necessary element before a right of access could be considered. Subsequently, on the initial appeal papers and without hearing oral argument, the Court summarily upheld the application to indigents of filing fees that in effect precluded them from appealing decisions of a state administrative agency reducing or terminating public assistance. The continuing vitality of **Griffin v. Illinois,** however, is seen in **M.L.B. v. S.L.J.,** where the Court considered whether a state seeking to terminate the parental rights of an indigent must pay for the preparation of the transcript required for pursuing an appeal. Unlike in Boddie, the state, Mississippi, had afforded the Plaintiff's a trial on the merits, and thus the "monopolization" of the avenues of relief alleged in **Boddie** was not at issue. As in **Boddie**, however, the Court focused on the substantive due process implications of the state's limiting "[c]hoices about marriage, family life, and the upbringing of children," while also referencing cases establishing a right of equal access to criminal appellate review. Noting that even a

petty offender had a right to have the state pay for the transcript needed for an effective appeal, and that the forced dissolution of parental rights was "more substantial than mere loss of money," the Court ordered Mississippi to provide the plaintiff the court records necessary to pursue her appeal.

63.    Plaintiff's submits that under the Tennessee Code Annotated § 34-1-107(d)(1) the statute plainly states that in each proceeding, the guardian ad litem shall:

>(A) Verify that the respondent and each other person required to be served or notified was served or notified;
>
>(B) Consult with the respondent in person as soon as possible after appointment;
>
>(C) If possible, explain in language understandable to the respondent the:
>
>(i) Substance of the petition;
>
>(ii) Nature of the proceedings;
>
>(iii) Respondent's right to protest the petition;
>
>(iv) Identity of the proposed fiduciary; and
>
>(v) Respondent's rights as set forth in § 34-3-106; and
>
>(D) Determine if the proposed fiduciary is the appropriate person to be appointed.
>
>(3) In a proceeding for the appointment of a conservator, the guardian ad litem shall investigate the physical and mental capabilities of the respondent.
>
>(4) In a proceeding seeking the appointment of a fiduciary to manage the respondent's property, the guardian ad litem shall investigate the:
>
>(A) Nature and extent of the respondent's property;
>
>(B) Financial capabilities of the proposed fiduciary; and
>
>(C) Proposed property management plan.
>
>(e) The order appointing the guardian ad litem shall authorize the guardian ad litem access to records of the respondent in any financial institution and to review medical records, and permit the guardian ad litem to discuss the respondent's physical and mental conditions with any physician, psychologist or other health care provider who may have pertinent information.
>
>(f) The guardian ad litem shall make a written report to the court at least three (3) days prior to the date set for hearing the matter, which time period may be waived in the judge's discretion. The written report shall provide the court with the results of the guardian ad litem's investigation. The guardian ad litem's report shall specifically state whether:
>
>(1)(A) The respondent wants to contest:
>
>(I) The need for a fiduciary;

(ii) Merely the person to be the fiduciary; or

(iii) Neither;

(B) If the respondent wants to contest any portion of the proceeding and the guardian ad litem's opinion is that there should be a fiduciary appointed, the guardian ad litem shall identify the adversary counsel or indicate there is none and request the appointment of an attorney ad litem;

(2) A fiduciary should be appointed and, if so, whether:

(A)The proposed fiduciary should be appointed; or

(B) Someone else, identified by the guardian ad litem, should be appointed;

(3)The proposed property management plan should be adopted and, if not, what changes should be considered.

(4)The respondent will attend the hearing and, if, in the opinion of the guardian ad litem, it is not in the respondent's best interest to attend, why.

(g) Unless the court orders otherwise, the guardian ad litem has no continuing duty once an order has been entered disposing of the petition that caused the guardian ad litem's appointment.

(h) When investigating financial records of a respondent, the guardian ad litem shall be the customer within the meaning set forth in title 45, chapter 10, known as the Financial Records Privacy Act.
[Acts 1992, ch. 794, § 8; T.C.A. § 34-11-107; Acts 2004, ch. 771, § 1; 2007, ch. 26, §1.].

64.     Plaintiff's put forward that the Trial Court has overlooked a statute and decisions that are controlling as authority, and which would require a different judgment from that rendered, and has erroneously construed and misapplied provisions of law and controlling authorities as follows, *In re Gault v. U.S. 1(1967)* and *U.S. v. Lee,* 106 U.S. 196 (1982).

65.     Plaintiff's states that under the Tennessee Code Annotated § 34-3-107 the statute plainly word it that **in each proceeding guardianship shall:**

(a) If the court determines a conservator is needed, the court shall enter an order which shall:
(1) Name the conservator or co-conservators and, in the court's discretion, a standby conservator or co-conservators;
(2) Enumerate the powers removed from the respondent and those to be vested in the conservator.   To the extent not specifically removed, the respondent shall retain and shall exercise all of the powers of a person without a disability.   The court may consider removing any rights of the person with a disability and vesting some or all in a conservator.   Such rights may include, but are not limited to:
(A) The right to give, withhold, or withdraw consent and make other informed

decisions relative to medical and mental examinations and treatment;
(B)  The right to make end of life decisions:
(i)  To consent, withhold, or withdraw consent for the entry of a "do not
resuscitate" order or the application of any heroic measures or medical
procedures intended solely to sustain life and other medications;  and
(ii)  To consent or withhold consent concerning the withholding or
withdrawal of artificially provided food, water, or other nourishment or
fluids;
(C)  The right to consent to admission to hospitalization, and to be discharged
or transferred to a residential setting, group home, or other facility for
additional care and treatment;
(D)  The right to consent to participate in activities and therapies which are
reasonable and
(E)  The right to consent or withhold consent to any residential or custodial
 necessary for the habilitation of the respondent; placement.
(F)  The power to give, receive, release, or authorize disclosures of confidential
information;
(G)  The right to apply for benefits, public and private, for which the person
with a disability may be eligible;
(H)  The right to dispose of personal property and real property subject to
statutory and judicial constraints;
(I)  The right to determine whether or not the respondent may utilize a
Tennessee driver license for the purpose of driving;
(J)  The right to make purchases;
(K)  The right to enter into contractual relationships;
(L)  The right to execute instruments of legal significance;
(M)  The right to pay the respondent's bills and protect and invest the
 income and assets;
(N)  The right to prosecute and defend lawsuits;  and
(O)  The right to execute, on behalf of the respondent, any and all documents to
carry out the authority vested above.
(3)  If the rights and powers transferred to the conservator include management of
the respondent's property, the order shall:
(A)  Set the amount of the conservator's bond unless waived as authorized
in§  34-1-105;
(B)  Set the nature and frequency of each approved expenditure and prohibit
the conservator from making other expenditures without court approval;
(C)  Set forth the approved management of the property of the person with a
disability;  and
(D)  Prohibit the sale of any property except as permitted by §  34-1-116(b)without prior
court approval or as permitted in the property management plan approved by the order;
and
(4)  Whether a conservator is being appointed from §  34-3-103(6), and if the
conservator is being appointed from §  34-3-103(6), the reasons why the court
was unable to appoint a conservator from §  34-3-103(1)-(5);
(5)  State any other authority or direction as the court determines is appropriate
to properly care for the person or property of the person with a disability.
(b)  If the court grants a protective order placing under seal the respondent's
financial information, as provided by §  34-3-106(6), the order shall not deny

access to information regarding fees and expenses of the conservatorship.

66.     Plaintiff's claims that under the Tennessee Code Annotated § 34-3-101 in regards to -

Action for appointment of conservator the statute is plainly word it that:

> **(a)** Actions for the appointment of a conservator may be brought in a court exercising probate jurisdiction or any other court of record of any county in which there is venue. **(b)(1)**An action for the appointment of a conservator shall be brought in the county of residence of the alleged person with a disability.
> **(2)** For purposes of subdivision (b)(1):**(A)** The county of residence of a person incarcerated in a department of correction facility is the county in which the facility is located; and**(B)** The county of residence of a person involuntarily hospitalized in an institution of the department of mental health and substance abuse services is the county in which the institution is located.**(c)** Nothing in this title shall be construed to supersede the Tennessee Adult Protection Act, compiled in title 71, chapter 6, part 1, or the orders of the court pursuant to such act.
> *T.C.A. § 34-3-101*Amended by 2021 Tenn. Acts, ch. 133, s 1, eff. 4/13/2021.Amended by 2013 Tenn. Acts, ch. 435, s 1, eff. 7/1/2013.Acts 1992, ch. 794, § 41; T.C.A. § 34-13-101.

## CAUSE OF ACTION

### COUNT II
### Denied Access to Court

67.     The Defendants and each of them as though fully named therein above, Defendant's Randy Kennedy, Retired Davidson County Probate Judge, Defendant's Elizabeth A. Johnson, Davidson County Probate Master Judge, Defendant's Andra Hedrick, Davidson County Probate Judge, Defendant's Corletra Mance, Attorney's at Law, Defendant's Marquica Beasley, CEO of B-Elite Real Estate Services, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does John and Jane Does, et al., violated the Plaintiffs constitutional rights as so granted under First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States Constitution, when they conspired together a common scheme of plan to impede and hinder the Plaintiffs efforts to live normal life that is guarantee by Constitution of the United States.

68.     Defendants, directly or indirectly, under color of law, approved or ratified the unlawful,

deliberate, malicious, reckless and wanton conduct of Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Metropolitan Government of Nashville and Davidson County, Marquica Beasley, CEO of B-Elite Real Estate Services and John and Jane Does, et al.,and the State of Tennessee heretofore described.

69.     As a direct and proximate cause of the acts of Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does and John and Jane Does, et al., and the State of Tennessee as set forth above, Plaintiffs suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

70.     At all times relevant to this Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, were acting under the direction of Defendants Metropolitan Government of Nashville and Davidson County acting under color of law and pursuant to official policy or custom, Metropolitan Government of Nashville and Davidson County knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendants, Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hendrick, Davidson County Probate Judge in his and her duties to refrain from malicious prosecution to violate the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the

United States and the laws of the State of Tennessee, otherwise depriving Plaintiff's of constitutional and statutory rights, privileges and immunities.

71.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services Metropolitan Government of Nashville, Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does and John and Jane Does, et al., had knowledge or, had they diligently exercise their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs malicious prosecution to be done, as heretofore alleged, were about to be committed.

72.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville, Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge ServiceTrevecca Center for Rehabilitation and Healing, John and Jane Does and John and Jane Does, et al., had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's right failed or refused to do so.

73.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge

ServiceTrevecca Center for Rehabilitation and Healing, John and Jane Does and John and Jane Does, et al.,and the State of Tennessee, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendants, Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County, and heretofore described.

74. As a direct and proximate cause of the acts of Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County and John and Jane Does, et al., and the State of Tennessee as set forth above, Plaintiff's suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### COUNT III
### Fraud on the Court

75. At all times relevant to this Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County and John and Jane Does, et al., acting under color of law and pursuant to official policy or custom, Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate

Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service, Trevecca Center for Rehabilitation and Healing John and Jane Does and John and Jane Does, et al., knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Defendant's Randy Kennedy Retired Davidson County Probate Judge in his duties to refrain from malicious prosecution to violate the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Tennessee, otherwise depriving Plaintiffs of constitutional and statutory rights, privileges and immunities.

76.     Defendants Retired Davidson County Probate Judge, had knowledge or, had they diligently exercise their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs malicious prosecution to be done, as heretofore alleged, were about to be committed.

77.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge and Metropolitan Government of Nashville and Davidson County, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's right failed or refused to do so.

78.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge and Metropolitan Government of Nashville and Davidson County and John and Jane Does, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and

wanton conduct of Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County and John and Jane Does, heretofore described.

79.     As a direct and proximate cause of the acts of Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, Metropolitan Government of Nashville and Davidson County and John and Jane Does as set forth above, Plaintiffs suffered physical injury, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**COUNT IV**
**Fraud Upon the Court**

80.     At all times relevant to this Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Metropolitan Government of Nashville and Davidson County and John and Jane Does,  knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis Corletra Mance, Marquica Beasley in their duties to refrain from fraud upon the court, fruad, falsely accused and lying under oath to violate the rights, privileges and immunities guaranteed to Plaintiff's by the Constitution and laws of the United States and the laws of the State of Tennessee, otherwise depriving Plaintiffs of his constitutional and statutory rights, privileges, and immunities.

81.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge and

Metropolitan Government of Nashville and Davidson County had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basic, should have had knowledge that the wrongs fraud, falsely accused and lie under oath to be done, as heretofore alleged, were about to be committed. Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Metropolitan Government of Nashville and Davidson County and John and Jane Does, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and to do so.

82.     Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Metropolitan Government of Nashville and Davidson County and John and Jane Does, slamming the courthouse doors, racial discrimination, denied access to the courts, callous disregard of Plaintiff's rights failed or refused, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Plaintiff's constitutional right, heretofore described.

83.     As a direct and proximate cause of the acts of Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Metropolitan Government of Nashville and Davidson County, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, and Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does as set forth above, Plaintiffs have suffered physical injury, loss of income and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

## RELIEF

**WEHREFORE,** Plaintiffs Eric C. Pendleton's demands judgment against, Defendants Randy Kennedy, Retired Davidson County Probate Judge, Elizabeth A. Johnson, Davidson County Probate Master Judge, Andra Hedrick, Davidson County Probate Judge, Metropolitan Government of Nashville and Davidson County, Tara Shuemake, COTA/L Director of Rehabilitation Trevecca Center for Rehabilitation Alexander Jones, Director of Concierge Service Trevecca Center for Rehabilitation and Healing, John and Jane Does John and Jane Does, Corletra Mance, Attorney's at Law, Marquica Beasley, CEO of B-Elite Real Estate Services, and Metropolitan Government of Nashville and Davidson County Insurance Company jointly and severally, compensatory damages in the amount $100.000.00 and further demands judgment against each said Defendants jointly and severely, for punitive damages in the amount of $2,000.000.00 plus the cost, interest, discretionary cost, treble damages of this action.

That this Honorable Court issue Injunctive Relief, directing the Defendants, Their Successors, Agents, or anyone acting in concert with them, to grant Plaintiffs immediately from this and such other relief as the Court deems just and equitable.

Defendants act and/or omissions complained of herein above, have and are, causing Plaintiffs to suffer severe mental, psychological and emotional stress, discomfort, depression withdrawal, confusion, delusions, irrational suspicion, anger, nervousness, aggravation and pain.

Therefore, Plaintiffs is entitled to an award of compensatory damages in the amount of $100.000.00. Plaintiffs act and/or omissions, complained of herein above, inasmuch as they violate constitutionally protected rights, entitled Plaintiff's under the circumstance related herein above, to an award of compensatory damages in the amount of $100.000.00. Defendants act and/or omissions, as complained of herein above, in as much as they engaged in by Defendants maliciously, deliberately, intentionally, willfully, callously, capricious, wantonly and arbitrarily and with full knowledge that such violated Plaintiff's Fourth, Fifth, Sixth, Eighth and Fourteenth Constitutional Amendments protected

rights, entitles Plaintiff's to an award of punitive damages in the amount of $2,000.000.00. Court cost to be taxed to the Defendants named herein above in this complaint.

The Plaintiff's further requests this Honorable Court to appoint a competent counsel so this action can be sufficiently amended to meet all other requirement of the Federal Rules and Procedure including discovery.

I Eric C. Pendleton, hereby certify under penalty of perjury that the above complaint of the Plaintiff is true to the best of her information, knowledge and belief.

Signed this 26th day of _January_, 20 24 .

Respectfully submitted,

_Eric C. Pendleton_
Eric C. Pendleton
*Acting pro se*
4183-Bobwhite Drive
Nashville, TN 37218
Telephone No. (313) 802-0051

I, _Eric C. Pendleton_, hereby swear under a penalty of perjury under the laws of the United States of America that the foregoing is true to the best of my belief knowledge and understanding on this 26th day of _January_, 2024.

Respectfully Submitted,

_Eric C. Pendleton_
Eric C. Pendleton
*Acting pro se*
4183-Bobwhite Drive
Nashville, TN 37218
Telephone No. (313)802-0051

**THIS DOCUMENT IS SELF-NOTARIZED PURSUANT TO TITTLE 28 § U.S.C. 1746.**