IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC C. PENDLETON,  )
    Plaintiff,  )
       )  No. 3:24-cv-00252
v.  )
       )  JUDGE RICHARDSON
RANDY KENNEDY, *et al.*,  )
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric C. Pendleton, a resident of Nashville, Tennessee, filed this pro se action alleging state law claims, as well as violations of his civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and 38 U.S.C. §§ 511(a) and 5301. (Doc. No. 1 at PageID# 1-3). By Order entered on May 23, 2025, the Court dismissed this action for failure to comply with an Order of the Court and for want of prosecution. (Doc. No. 11).

Pending before the Court is Plaintiff's Motion for Reconsideration Or, In the Alternative, Motion to Vacate Dismissal ("Motion for Reconsideration") (Doc. No. 12); Motion for Appointment of Counsel Under Title II of the Americans with Disabilities Act ("Motion to Appoint Counsel") (Doc. No. 13); Supplement to Motion for Reconsideration and Motion to Ascertain Status ("Supplement to Motion") (Doc. No. 14); Motion for Service by United States Marshal (Doc. No. 17); and Motion to Compel Production of Insurance Records (Doc. No. 20).

The Motion to Ascertain Status (Doc. No. 14) is **GRANTED** insofar as the Court rules on Plaintiff's pending motions herein.

# I. MOTION FOR RECONSIDERATION

After filing the Complaint (Doc. No. 1), Plaintiff sought to amend his Complaint. (Doc. No. 6). By Order entered on April 11, 2025, the Court granted the motion and instructed Plaintiff that an amended complaint must specify all claims and defendants. (Doc. No. 9 at PageID# 64).

After Plaintiff failed to submit an amended complaint, the Court dismissed this action for failure to comply with the Order of the Court and for want of prosecution. (Doc. No. 11).

Plaintiff requests that this Court reconsider its decision to dismiss this case pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (Doc. No. 12 at PageID# 72). Plaintiff offers numerous arguments in support of his request. The Court need not parse those arguments, however, to grant Plaintiff the relief he requests. Relief is available to Plaintiff pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59 provides that the Court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was timely filed.

The Court's Order of April 11, 2025 did not require Plaintiff to file an amended complaint. (Doc. No. 9). Rather, it granted Plaintiff's motion to file an amended complaint, which Plaintiff ultimately elected not to do or did not understand the proper way to do it. After the expiration of the 30-day period within which Plaintiff could file an amended complaint, the Court was required to screen the Complaint (or Amended Complaint, if filed) pursuant to 28 U.S.C. § 1915(e) because Plaintiff is proceeding in forma pauperis. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Plaintiff's case should not have been dismissed for the reasons provided. Rule 59(e) provides a mechanism for the Court to correct this error of law.

Accordingly, Plaintiff's Motion for Reconsideration Or, In the Alternative, Motion to Vacate Dismissal (Doc. No. 12) is **GRANTED**. The Court's Order of May 23, 2025 is **VACATED**. The Clerk is **DIRECTED** to reinstate this case to the active docket.

## II. MOTION TO APPOINT COUNSEL

Next, Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 13). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.,* 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc*., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that he suffers from a disabling medical condition "that significantly impairs his ability to communicate, comprehend legal procedures, and effectively represent himself in this matter." (Doc. No. 13 at PageID# 77). He states that he "has experienced hospitalization and ongoing medical challenges, further limiting his ability to meet procedural and litigation requirements without legal assistance." (*Id*.). He believes that his claims are complex and "require[] interpretation of federal statutes, constitutional rights, and civil procedure, which are beyond the capabilities of a disabled, pro se litigant." (*Id*.).

At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Plaintiff has effectively represented his interests to date. He successfully moved for the Court to reconsider its decision to dismiss this action. Thus, his Motion for Appointment of Counsel Under Title II of the Americans with Disabilities Act (Doc. No. 13) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel later, if appropriate.

### III. MISCELLANEOUS MOTIONS

Plaintiff also has filed a Motion for Service by United States Marshal (Doc. No. 17) and a Motion to Compel Production of Insurance Records (Doc. No. 20). These motions are premature as the Court has not yet conducted the required review of the in forma pauperis Complaint pursuant to 28 U.S.C. § 1915(e). Thus, the motions are **DENIED WITHOUT PREJUDICE**, to be filed, if appropriate, after that review.

At this time, the operative complaint in this case is the original Complaint, filed on March 5, 2024. (Doc. No. 1). Plaintiff sought (Doc. No. 6) and received permission (Doc. No. 9) to file an amended complaint, but the "attached" amended complaint he referenced in his Motion to Amend Complaint was not attached to his motion. (*See* Doc. No. 6 at PageID# 45).[1] Plaintiff later filed a "Supplemental Statement of Facts" that he wishes the Court to consider "in support of his Complaint and claims for relief." (Doc. No. 15 at PageID# 85).

But Plaintiff cannot litigate this action or any action in this Court by way of supplements, notices, and/or letters to the Court. If Plaintiff wishes for the Court to consider arguments and

---

[1] The Court considered whether the document filed by Plaintiff on the same day as his Motion to Amend Complaint (Doc. No. 7), docketed by the Clerk as a "Motion to Amend Complaint to Conform to Evidence" (Doc. No. 7), was meant by Plaintiff to be the aforementioned "attached amended complaint." Upon review of the document, the Court agrees with the Clerk that the document is a motion, not an amended complaint.

evidence, he must raise them by way of timely and properly filed motions such as a motion to amend the complaint. *See Wilson v. United States*, No. 3:18-CV-00735, 2021 WL 1088178, at *8 (M.D. Tenn. Mar. 22, 2021) (quoting *Gould v. California Dep't of Corr. & Rehab.*, No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019)) (finding petitioner's supplement a "nullity" because petitioner did not cite any authority for his ability to unilaterally add new claims in separate filings; "litigants may not plead their claims 'in a piecemeal fashion by filing separate documents that are intended to be read together,' but must file a single pleading 'that is complete within itself.'")).

The Court is inclined to give Plaintiff one additional opportunity to file an amended complaint before conducting the required screening. If Plaintiff wishes to file an amended complaint, his submission of the amended complaint **MUST** be <u>received</u> within **30 DAYS** of the date this Memorandum Opinion and Order is entered on the docket. The amended complaint must contain all claims and defendants. It cannot incorporate by reference portions of previous filings.

If Plaintiff fails to file an amended complaint before the deadline, the Court will commence with the required screening of the original complaint as required by 28 U.S.C. § 1915(e). That screening requires the Court to consider whether the complaint (or amended complaint, if filed) is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Hill*, 630 F.3d at 470-71.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE